Kevin T. Lafky, OSB #85263
klafky@lafky.com
Larry L. Linder, OSB #01072
llinder@lafky.com
Haley Percell, OSB #05345
hpercell@lafky.com
LAFKY & LAFKY
429 Court Street NE
Salem, OR 97301
Tel: (503)585-2450
Fax: (503)585-0205
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MEGAN MINNITI, | ) | |
| | ) | Case No.   07-6348-HO |
| Plaintiff, | ) | |
| | ) | **COMPLAINT- VIOLATION OF** |
| v. | ) | **TITLE VII; ORS 659A.030;** |
| | ) | **INTENTIONAL INFLICTION** |
| CAR TOYS, INC. a Washington Corporation, | ) | **OF EMOTIONAL DISTRESS;** |
| | ) | **WRONGFUL DISCHARGE** |
| Defendant. | ) | |
| _____ | ) | **(Jury Trial Requested)** |

Plaintiff alleges:

## <u>JURISDICTION</u>

1.

Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and brought pursuant to claims

under 42 U.S.C. § 2000.  Plaintiff requests a jury trial in this matter.

///

///

**Page 1–Complaint**

2.

Jurisdiction is appropriate for this Court after Plaintiff's receipt of a right to sue letter from the Equal Employment Opportunity Commission on October 1, 2007 and from the Oregon Bureau of Labor and Industries ("BOLI") dated September 19, 2007.

## VENUE

3.

Venue is appropriate in this Court under 28 U.S.C. § 1391 because the events giving rise to this complaint occurred in Marion County, Oregon.

4.

Plaintiff is a resident of Marion County, Oregon.  Defendant, Car Toys, Inc. ("Defendant"), is a Washington Corporation with its principal place of business in Seattle, Washington.  Defendant employs more than 500 employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

## FACTUAL ALLEGATIONS

5.

Plaintiff is a female.  Plaintiff began her employment with Defendant in January, 2007. Plaintiff worked as a sales representative.  Her employment with Defendant was terminated on or about February 19, 2007.

6.

On or about the morning of January 30, 2007, Store Manager Jason "Kawi" Kawakami ("Kawakami") accused Plaintiff of staring at his crotch.  Plaintiff was not staring at his crotch and the accusation made her uncomfortable.

**Page 2–Complaint**

7.

Later that afternoon (January 30), Kawakami stood in the store doorway to tuck in his shirt. He unbuttoned and unzipped his pants. At this point, Plaintiff had her back toward him. Kawakami called Plaintiff's name in an attempt to make her turn around and face him while he had his pants unzipped. Kawakami told Plaintiff to "take a look while you can." Kawakami instructed Plaintiff to inspect his open pants. These actions made Plaintiff uncomfortable and upset.

8.

On or about January 31, 2007, Kawakami wrote Plaintiff up for being late to work. Plaintiff was scheduled to work from 8:30 a.m. to 5:30 p.m., but Assistant Manager, Charlyn, told Plaintiff to come in at 1:00 p.m. to cover her shift.

9.

Later that day (January 31), Plaintiff met with Kawakami in private to explain how uncomfortable his lewd remarks made her feel. Kawakami responded by telling Plaintiff to stop looking at his penis.

10.

On or about February 1, 2007, Plaintiff was talking on her cellular telephone. Pat, a co-worker, approached her and demanded to know to whom she was speaking. Pat then grabbed Plaintiff's phone and stated, "that better not be Adam."

11.

On or about February 3, 2007, Kawakami took Plaintiff's cellular telephone while she was standing on the sales floor to look at pictures saved on her telephone. Plaintiff asked him to stop and

///

**Page 3–Complaint**

had to follow him to retrieve it.   Plaintiff eventually regained possession of the telephone by grabbing Kawakami's shirt sleeve.

### 12.

On or about the evening of February 3, 2007, Kawakami asked Plaintiff to turn around 180 degrees to "check [her] underwear," to determine if it was sticking out of her pants.

### 13.

Later that same night (February 3), Plaintiff and Kawakami walked to the box room, and he again told her to stop looking at his penis.  Kawakami told Plaintiff that he never had relations with a co-worker, but he would only show his penis to her "live."

### 14.

Later that same night (February 3), Plaintiff left work crying because Pat harassed her.  He kept her late at the store for no reason.  Plaintiff asked twice to go home, but Pat refused. When Plaintiff eventually did leave, Pat laughed at her and told her she "could have left a long time ago."

### 15.

On or about February 4, 2007, Plaintiff talked to another manager about the problems she was having with her co-worker, Pat, and her supervisor, Kawakami.

### 16.

On or about February 13, 2007, Plaintiff drove to the Jantzen Beach store for training. Plaintiff was required to take along a co-worker, Nigel, whom she had previously told management, she did not want to take because he was very ill.

///

///

**Page 4–Complaint**

17.

On one occasion, Kawakami sent another employee, David, to get lunch for the staff. Kawakami told David not to get Plaintiff anything because it would make her fat. Kawakami stated that he "did not want [Plaintiff's] ass to look like Charlyn's." Plaintiff did not eat lunch that day due to the ridicule from Kawakami.

18.

On one occasion, Kawakami placed a pop can on Plaintiff's buttocks while she was bent over the counter stating, "the can stands by itself on Charlyn's butt." This made Plaintiff feel uncomfortable.

19.

On at least one occasion, Plaintiff saw Kawakami and Pat slap Charlyn's buttocks. This offended Plaintiff.

20.

One on occasion, Plaintiff saw Kawakami stand behind Charlyn and thrust his pelvis behind her in a sexual motion. This offended Plaintiff and made her uncomfortable.

21.

On several occasions, Kawakami made it known that he was a "breast man." This offended Plaintiff.

22.

During Plaintiff's first week of employment, Pat stared at Plaintiff's pants and told her they would look better on the floor. This sexual proposal made Plaintiff feel uncomfortable and upset. Plaintiff felt Pat was trying to create a difficult working environment for her.

**Page 5–Complaint**

23.

On one Saturday, Plaintiff arrived at work, and Kawakami called her into his office. Kawakami closed the door and said he wanted to the discuss the situation with Pat.  Kawakami told Plaintiff he had an open door policy and wanted to know if anything was making her feel uncomfortable.  Plaintiff felt uncomfortable approaching Kawakami because he was one of the people engaging in the harassment, and his conduct did not change when Plaintiff had previously complained to him about it.

24.

On or about February 19, 2007, Defendant terminated Plaintiff. Plaintiff was told she was terminated because she did not call in sick when she missed a shift.  In fact, Plaintiff had called in sick that day. Plaintiff feels she was terminated for complaining about and resisting sexual harassment.

## FIRST CLAIM–VIOLATION OF 42 U.S.C § 2000e

### (Count 1–Sex Discrimination)

25.

Plaintiff realleges paragraphs 1-24. 42 U.S.C. § 2000e-2(a) provides: "it shall be an unlawful employment practice for an employer" to discharge an individual, "or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individuals race, color, religion, sex, or national origin . . ."

26.

Plaintiff is female.  During the course of Plaintiff's employment with Defendant, Plaintiff suffered from discrimination based on her sex.  Incidents of sex discrimination committed by

Page 6–Complaint

Defendant resulted in Plaintiff being denied compensation, and substantially affected the conditions of her employment in violation of 42 U.S.C. § 2000e-2(a).

27.

Defendant discriminated against Plaintiff in the terms, conditions, and privileges of her employment on the basis of her sex. As a result of this discrimination, Plaintiff was denied compensation, and adversely affected Plaintiff's terms, conditions, and privileges of her employment.

28.

Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial as a result of Defendant's sex discrimination. Plaintiff seeks recovery of all compensatory and punitive damages provided by law and equitable relief in addition to her reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

**(Count 2–Sex Discrimination Based on Retaliation)**

29.

Plaintiff realleges paragraphs 1-28. 42 U.S.C. § 2000e-3 provides in relevant part: "it shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [she] has opposed any practice made an unlawful employment practice by this subchapter."

30.

Plaintiff complained regarding being treated differently based on her sex. Plaintiff resisted the sexual harassment. After complaining and resisting the sexual harassment, Defendant retaliated against Plaintiff. In retaliation for making complaints of sexual harassment, Defendant disciplined

**Page 7–Complaint**

Plaintiff, denied her compensation, forced her to undergo more harassment and eventually terminated her employment.

31.

Defendant's retaliation toward Plaintiff, because she complained about the sexually discriminating conduct, constitutes a violation of 42 U.S.C. § 2000e-3(a) for which Plaintiff is entitled to relief.

32.

Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial as a result of Defendant's retaliation.  Plaintiff seeks recovery of all compensatory and punitive damages provided by law and equitable relief in addition to her reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

**(Count 3–Hostile Work Environment)**

33.

Plaintiff realleges paragraphs 1-32.  During the course of Plaintiff's employment with Defendant, Plaintiff suffered from discrimination based on her sex.  Incidents of sex discrimination committed by Defendant resulted in Plaintiff being denied compensation, and adversely affected Plaintiff's terms, conditions, and privileges of her employment in violation of 42 U.S.C. § 2000e-2(a).

34.

Defendant's actions created a hostile work environment toward females that Plaintiff was subjected to.

///

**Page 8–Complaint**

35.

Defendant's hostile work environment and the actions of its employees, as provided in the paragraphs above, affected Plaintiff's ability to perform her job, and caused Plaintiff to suffer emotional distress in the performance of her job.

36.

Defendant's hostile work environment toward Plaintiff, because she is female, constitutes a violation of 42 U.S.C. § 2000e-2(a) for which Plaintiff is entitled to relief.

37.

Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial as a result of Defendant's hostile work environment. Plaintiff seeks recovery of all compensatory and punitive damages provided by law and equitable relief in addition to her reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM AGAINST CAR TOYS–STATE STATUTORY DISCRIMINATION

### (Count 1–Sex Discrimination)

38.

Plaintiff realleges paragraphs 1-37. According to ORS 659A.030(b) it is an unlawful employment practice, "for an employer, because of an individual's race, religion, color, sex, national origin, marital status or age if the individual is 18 years of age or older, . . . to discriminate against such an individual in compensation or in terms or privileges of employment." Discrimination committed by Defendant, as alleged above, affected Plaintiff's employment opportunities, compensation, terms, conditions, and privileges of employment and is a direct violation of this statute.

**Page 9–Complaint**

39.

Plaintiff suffered from discrimination based on her sex as described in the paragraphs above. Defendant allowed male employees to make sexually charged and demeaning comments toward female employees with no consequence.  This employment practice has significant adverse effects on females.  Plaintiff suffered from discrimination based on her sex by the implementation of these practices as described in the paragraphs above.  Defendant's discrimination negatively affected Plaintiff's employment in violation of ORS 659A.030(b).  As a result of Defendant's sex discrimination, Plaintiff requests equitable relief and economic damages to be determined at trial. Pursuant to ORS 659A.885, Plaintiff requests reasonable attorney fees and costs in this action.

**(Count 2–Sex Discrimination Based on Retaliation)**

40.

Plaintiff realleges paragraphs 1-39.  According to ORS 659A.030(1)(f) it is an unlawful employment practice, "for any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so."  Discrimination committed by Defendant, as alleged above, affected Plaintiff's employment opportunities, compensation, terms, conditions, and privileges of employment and is a direct violation of this statute.

41.

Plaintiff suffered from retaliation based on her complaints of sex discrimination as described in the paragraphs above.  Defendant's employees' retaliation toward Plaintiff negatively affected her compensation, terms, conditions, and privileges of employment in violation of ORS 659A.030(1)(f).

**Page 10–Complaint**

As a result of Defendant's sex discrimination, Plaintiff requests economic damages in an amount to be determined at trial along with equitable relief.

42.

Pursuant to ORS 659A.885, Plaintiff requests reasonable attorney fees and costs in this action.

**(Count 3–Hostile Work Environment)**

43.

Plaintiff realleges paragraphs 1-42.  According to ORS 659A.030(1)(b), it is an unlawful employment practice, "for an employer, because of an individual's race, religion, color, sex, national origin, marital status or age if the individual is 18 years of age or older, . . . to discriminate against such an individual in compensation or in terms, conditions or privileges of employment." Discrimination committed by Defendant, as alleged above, affected Plaintiff's employment opportunities, compensation, terms, conditions, and privileges of employment and is a direct violation of this statute.

44.

Plaintiff suffered from discrimination based on her sex.  Defendant's actions created a hostile work environment toward females that Plaintiff was subjected to.  Defendant's  hostile work environment and the actions of its employees, as provided in the paragraphs above, affected Plaintiff's ability to perform her job and caused Plaintiff to suffer emotional distress in the performance of her job.  Defendant's discrimination negatively affected Plaintiff's employment in violation of ORS 659A.030(b).  As a result of Defendant's hostile work environment sex

///

**Page 11–Complaint**

discrimination, Plaintiff requests equitable relief and economic damages in an amount to be determined at trial along with equitable relief.

45.

Pursuant to ORS 659A.885, Plaintiff requests reasonable attorney fees and costs in this action.

**THIRD CLAIM–INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

46.

Plaintiff realleges paragraphs 1-45. Plaintiff has an employer-employee relationship with Defendant. Defendant knew that the aforementioned conduct would cause severe mental or emotional distress or acted despite a high degree of probability that the mental or emotional distress would result.

47.

Defendant's conduct caused Plaintiff severe mental or emotional distress from the foreseeable highly unpleasant emotional reactions including fright, grief, shame, humiliation, embarrassment, anger, disappointment, and worry. Plaintiff has also suffered from depression as a result of being subjected to Defendant's discriminatory employment practices.

48.

The aforementioned continuing actions of Defendant consisted of an extraordinary transgression of contemporary standards of civilized conduct toward an employee.

49.

As a result of Defendant's intentional actions, Plaintiff requests non-economic damages in the form of severe emotional distress in the amount to be determined at trial.

**Page 12–Complaint**

## FOURTH CLAIM-COMMON LAW WRONGFUL DISCHARGE

### 50.

Plaintiff realleges paragraphs 1-49. Plaintiff was terminated on February 19, 2007.

### 51.

During Plaintiff's employment with Defendant, Plaintiff complained about sex discrimination. Complaining about discrimination is a legal right, related to Plaintiff's status or role as an employee.  Complaining about sex discrimination is of an important public interest to protect the rights of Plaintiff and other employees. Plaintiff had a societal obligation to complain about discrimination and retaliation in the workplace.

### 52.

During Plaintiff's employment with Defendant, Plaintiff resisted sexual harassment. Resisting sexual harassment is a legal right, related to Plaintiff's status or role as an employee. Resisting sexual harassment is of an important public interest to protect the rights of Plaintiff and other employees. Plaintiff had a societal obligation to resist sexual harassment and retaliation in the workplace.

### 53.

Defendant discharged Plaintiff because of her exercise of such rights. This constitutes wrongful discharge.

### 54.

As a result of Plaintiff's wrongful discharge, Plaintiff suffered economic damages in an amount to be determined at trial; and non-economic damages for: emotional pain and suffering,

///

**Page 13–Complaint**

inconvenience, mental anguish, loss of enjoyment, and other nonpecuniary losses, in an amount to be determined at trial.

WHEREFORE, Plaintiff requests the following for her claims for relief:

1.    For Plaintiff's First Claim For Relief Against Defendant Car Toys:

        A.    Count 1–Economic and non-economic damages in an amount to be determined at trial along with equitable relief.  Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to her reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

        B.    Count 2–Economic and non-economic damages in an amount to be determined at trial along with equitable relief.  Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to her reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

        C.    Count 3–Economic and non-economic damages in an amount to be determined at trial along with equitable relief.  Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to her reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

2.    For Plaintiff's Second Claim For Relief Against Defendant Car Toys:

        A.    Count 1: Equitable relief and economic damages in an amount to be determined at trial along with Plaintiff's reasonable attorney fees and costs incurred in this action pursuant to ORS 659A.885.

///

///

**Page 14–Complaint**

B.  Count 2: Equitable relief and economic damages in an amount to be determined at trial along with Plaintiff's reasonable attorney fees and costs incurred in this action pursuant to ORS 659A.885.

C.  Count 3: Equitable relief and economic damages in an amount to be determined at trial along with Plaintiff's reasonable attorney fees and costs incurred in this action pursuant to ORS 659A.885.

3.  For Plaintiff's Third Claim For Relief Against Defendant Car Toys: Non-economic damages, in the form of severe emotional distress, in an amount to be determined at trial.

4.  For Plaintiff's Fourth Claim for Relief Against Defendant Car Toys: Equitable relief, non-economic and economic damages in an amount to be determined at trial.

DATED this 3rd day of December, 2007.

   s/ Haley E. Percell
Kevin T. Lafky     OSB#85263
Larry L. Linder     OSB#01072
Haley E. Percell     OSB#05345
Attorneys for Plaintiff
LAFKY & LAFKY
429 Court St. NE
Salem, Oregon 97301
503-585-2450

**Page 15–Complaint**